# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation; OAKLEY, INC., a Washington Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RACEWAY 770, an unknown business entity; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No. |

## PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Plaintiffs Luxottica Group S.p.A** and **Oakley, Inc.** (collectively "Plaintiffs"), through their undersigned counsel, for their complaint against **Defendant Raceway 770** allege as follows:

### JURISDICTION AND VENUE

1.      Plaintiffs file this action against Defendant for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of Tennessee.  This Court has subject matter jurisdiction over the Federal trademark infringement and unfair competition claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over

Case 3:17-cv-01605  Document 1  Filed 12/23/17  Page 1 of 19 PageID #: 1

the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over Defendant because Defendant is incorporated, are domiciled, and/or conducts business in the State of Tennessee.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 (b), and Local Rule 3.2(d) because Defendant is incorporated, domiciled, and/or conducts business in this judicial district, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## PARTIES

5.      Plaintiff Luxottica Group, S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business at Piazzale Luigi Cadorna 3, Milan, 20123 Italy, and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114.   Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, premium and luxury eyewear products under federally registered trademarks, including but not limited to the Ray-Ban® family of trademarks.

6.      Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California  92610.

7.      Oakley is an indirect, wholly-owned subsidiary of Luxottica.  Luxottica and Oakley are collectively referred to herein as "Plaintiffs."

8.      Upon information and belief, Defendant Raceway 770 is an unknown business entity organized and existing under the laws of the State of Tennessee, having its principal place of business at 1137 Sparta Pike, Lebanon, Tennessee 37087.

9.      Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as JOHN DOES 1 through 100, inclusive, and therefore sue them by their fictitious names. Plaintiffs will

Case 3:17-cv-01605  Document 1  Filed 12/23/17  Page 2 of 19 PageID #: 2

seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believe and based thereon allege that said Defendant and DOES 1 through 100, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendant and DOES 1 through 100, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 though 100, inclusive, failed and/or refused to perform.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

**A.     Luxottica's World Famous RAY-BAN® Brand and its Products**

11.     Luxottica is engaged in the manufacture, marketing and sale of premium and luxury eyewear throughout the world.  Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

12.     Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

13.     Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States, including Texas, and reaches customers nationally and internationally online at www.ray-ban.com.

14.     Luxottica is the owner of various trademarks under the Ray-Ban® brand, including but not limited to the following United States Trademark Registrations (collectively "Ray-Ban Marks"):

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* (signature logo) | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18.<br><br>cloths for cleaning ophthalmic products, in class 21.<br><br>clothing and headgear; namely, hats, in class 25. |
| **RAY-BAN** | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |

| | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
|---|---|---|
| | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

15. Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

16. Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks. These registrations are valid and the majority are incontestable.

17. The Ray-Ban Marks have never been abandoned and are a symbol of Luxottica's quality, reputation, and goodwill.

18. Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B. The OAKLEY® Brand and its Products**

19. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of numerous lines of eyewear and other products that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

20.     Oakley is the owner of various trademarks (collectively, the "Oakley Marks"), including but not limited to the following United States Trademark Registrations:

| Trademark | Registration No. | Good And Services |
|---|---|---|
| **OAKLEY** | 1,521,599 | International Class 9 - sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces. |
|  | 1,984,501 | International Class 9 - protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories.<br><br>International Class 25 - clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps. |
|  | 1,990,262 | International Class 9 - protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories. |
|  | 3,331,124 | International Class 9 - Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, ear stems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing |

| | | pants. |
| | | International Class 25 - Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swim trunks, shorts, underwear, shirts, pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots. |
| | 3,365,728 | International Class 9 - Electronics, namely portable digital electronic devices for recording, organizing, and reviewing text, data and audio files; computer software for use in recording, organizing, and reviewing text, data and audio files on portable digital electronic devices; transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; communication devices for use on eyewear, namely earpieces, transmitters, receivers, speakers and part thereof for use with cellular, wireless computer and telephone communication systems; wearable audio visual display, namely eyewear containing an audio visual display; wireless telecommunications modules. |

21.  Oakley has continuously used the Oakley Marks in interstate commerce since their respective dates of first use.  Many of the registrations to the Oakley Marks, including those set forth above, are incontestable.

22.  Over the years Oakley has invested a considerable amount of time and money in establishing the Oakley Marks in the minds of consumers as a source of high quality eyewear.  As a result of Oakley's substantial use and promotion of the Oakley

Marks in connection with the eyewear and other products, the marks have acquired great value as a specific identifier of Oakley's products and serve to distinguish Oakley's products from that of others. Customers in this judicial district and elsewhere readily recognize the Oakley Marks as distinctive designations of origin of Oakley's products. The Oakley Marks are intellectual property assets of great value as a symbol of Oakley's quality products and goodwill.

C.    **Defendant's Infringing Activities**

23.    The present action arises from Defendant's wrongful importation, distribution, advertisement, marketing, offering for sale, and/or sale of eyewear bearing counterfeit reproductions of the Ray-Ban Marks and the Oakley Marks (hereinafter "Counterfeit Products").

24.    Counterfeit Products were recently discovered being displayed, offered for sale, and/or sold at a convenience store located in or around a gas station operating under the name of "RACEWAY 770." Products bearing the RAY-BAN Marks and OAKLEY Marks obtained from RACEWAY 770 have been examined and confirmed counterfeit by Plaintiffs' representatives.

25.    Defendant's use of the Ray Ban Marks and Oakley Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of its Counterfeit Products, is without Plaintiffs' consent or authorization.

26.    Defendant has never been authorized by Plaintiffs to manufacture, sell or offer for sale products bearing any of the Ray Ban Marks and Oakley Marks. Moreover, Defendant has never been licensees of Plaintiffs and have never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Ray Ban Marks and Oakley Marks.

27.    Defendant, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale Counterfeit Products with the knowledge and intent that such goods will be mistaken for the genuine high

Case 3:17-cv-01605' Document FOR FILed 12/22/17EQ Page 8 of 19 PageID #: 8

quality Ray-Ban® and Oakley® products, despite Defendant's knowledge that they are without authority to use the Ray Ban Marks and Oakley Marks. The net effect of Defendant's actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's Counterfeit Products are genuine goods originating from, associated with, and approved by Plaintiffs.

28.     Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of Plaintiffs' ownership of the Ray Ban Marks and Oakley Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.     Upon information and belief, Defendant has engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading off the goodwill and reputation of Plaintiffs. If Defendant's willful infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be damaged.

<u>COUNT I</u>

**(Federal Trademark Infringement - 15 U.S.C. § 1114)**

30.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31.     The Ray-Ban Marks and Oakley Marks are both nationally and internationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

32.     The registrations embodying the Ray-Ban Marks and Oakley Marks are in full force and effect and are incontestable.

33.     Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendant's goods or services and falsely

mislead consumers into believing that Defendant's products originate from Plaintiffs; are affiliated or connected with Plaintiffs; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiffs; or that Plaintiffs control the quality of Defendant's products.

34.     Defendant's infringing use of the Ray-Ban Marks and Oakley Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

35.     Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiffs.

36.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with the Ray-Ban Marks and Oakley Marks.

37.     As a direct and proximate result of Defendant's infringing activities, Plaintiffs have been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Plaintiffs' trademarks.

38.     Plaintiffs have no adequate remedy at law.

39.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks and Oakley Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this

action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## COUNT II

### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

40.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

41.     Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiffs' goods and services or Defendant's goods and services and falsely mislead consumers into believing that Defendant's products originate from Plaintiffs; are affiliated or connected with Plaintiffs; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiffs; or that Plaintiffs control the quality of Defendant's products.

42.     Defendant's use of the Ray-Ban Marks and Oakley Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights.

43.     Plaintiffs have been irreparably damaged by Defendant's unfair competition and misuse of the Ray-Ban Marks and Oakley Marks.

44.     Plaintiffs have no adequate remedy at law.

45.     Defendant's egregious conduct in selling infringing merchandise is willful and intentional.

46.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks and Oakley Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

# COUNT III

## (Unfair Competition in Violation of Tenn. Code Ann. § 47-25-1106)

47.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48.     Defendant has and are engaged in fraudulent acts or practices in violation of the prohibition against unfair competition found at Tenn. Code Ann. § 47-25-1106.

49.     Defendant has used and are using the Ray-Ban Marks and Oakley Marks in such a manner as to misrepresent the source, sponsorship, approval, and/or certification of Defendant's Counterfeit Products.

50.     Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiffs' goods and services or Defendant's goods and services and falsely mislead consumers into believing that Defendant's products originate from Plaintiffs; are affiliated or connected with Plaintiffs; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiffs; or that Plaintiffs control the quality of Defendant's products.

51.     Upon information and belief, Defendant had actual knowledge of Plaintiffs' rights at the time they decided to use the Ray-Ban Marks and Oakley Marks in connection with Defendant's advertisement, offering for sale, and sale of Counterfeit Products.

52.     Defendant's acts are willful, deliberate, and intended to confuse the public and/or to injure Plaintiffs.

53.     Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's aforementioned infringing activities, unless Defendant is permanently enjoined by this Court.

54.     The conduct herein complained of was, and continues to be, extreme, outrageous, and fraudulent, and was, and continues to be, inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights in the Ray-Ban Marks and Oakley Marks.

55.     Plaintiffs have no adequate remedy at law.

56.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks and Oakley Marks, or marks identical and/or confusingly similar thereto, for any reason; to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of Defendant's infringing acts alleged herein; to recover all gains, profits and/or advantages obtained by Defendant as a result thereof, in an amount not yet known; and to recover from Defendant the costs associated with this action.

## COUNT IV

### (Deceptive Trade Practices - Tenn. Code Ann. § 47- 18-101 et seq.)

57.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

58.     Defendant has and are engaged in fraudulent acts or practices in violation of the prohibition against deceptive trade practices found at Tenn. Code Ann. § 47-18-101 et seq.

59.     Defendant has used and are using the Ray-Ban Marks and Oakley Marks in such a manner as to misrepresent the source, sponsorship, approval, and/or certification of Defendant's Counterfeit Products.

60.     Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiffs' goods and services or Defendant's goods and services and falsely mislead consumers into believing that Defendant's products originate from Plaintiffs; are affiliated or connected with Plaintiffs; or are

licensed, sponsored, authorized, approved by, or sanctioned by Plaintiffs; or that Plaintiffs control the quality of Defendant's products.

61. Upon information and belief, Defendant had actual knowledge of Plaintiffs' rights at the time they decided to use the Ray-Ban Marks and Oakley Marks in connection with Defendant's advertisement, offering for sale, and sale of Counterfeit Products.

62. Defendant's acts are willful, deliberate, and intended to confuse the public and/or to injure Plaintiffs.

63. Defendant's unfair business practices are of a recurring nature and harmful to the consumers and the public at large, as well as to Plaintiffs. These practices constitute unlawful, unfair, fraudulent, and deceptive business practices and unfair, deceptive, and misleading advertising.

64. Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's aforementioned infringing activities, unless Defendant is permanently enjoined by this Court.

65. Plaintiffs have no adequate remedy at law.

66. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Ray-Ban Marks and Oakley Marks, or marks identical and/or confusingly similar thereto, for any reason; to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of Defendant's infringing acts alleged herein; to recover all gains, profits and/or advantages obtained by Defendant as a result thereof, in an amount not yet known; and to recover from Defendant the costs associated with this action.

## <u>COUNT V</u>

### (Unfair Competition under Tennessee Common Law)

67. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

68.     Defendant's infringement of the Ray-Ban Marks and Oakley Marks constitutes common law trademark infringement and unfair competition in violation of the common law of the state of Tennessee.

69.     Defendant is competitors of Plaintiffs and have utilized the Ray-Ban Marks and Oakley Marks in connection with the promotion, advertisement, and marketing of its products in an effort to exploit Plaintiffs' reputation in the market.

70.     Defendant's infringing acts were intended to capitalize on Plaintiffs' goodwill associated therewith for Defendant's own pecuniary gain.  Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for its RAY-BAN® and OAKLEY® brands.  As a result of Plaintiffs' efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiffs.

71.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

72.     Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless they are enjoined by this Court.

73.     The conduct herein complained of was extreme, outrageous, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was in bad faith, harmful to Plaintiffs and as such supports an award of exemplary, and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar such conduct in the future.

74.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from infringing the Ray-Ban Marks and Oakley Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT VI

## (Unjust Enrichment)

75.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

76.     The acts complained of above constitute unjust enrichment of Defendant at Plaintiffs' expense, in violation of the common law of the State of Tennessee.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment against Defendant as follows:

A.     Finding that: (i) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); (ii) Defendant has committed unfair competition and deceptive trade practices under Tennessee state and common law; and (iii.) Defendant has been unjustly enriched in violation of Tennessee common law;

B.     Granting an injunction, preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with it from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Counterfeit Products and/or any other products that bear the Ray Ban Marks and Oakley Marks, or any other marks confusingly similar thereto;

2.     engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiffs;

3.     engaging in any other activity that will dilute the distinctiveness of the Ray Ban Marks and Oakley Marks;

4.      committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

5.      assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in the paragraphs above.

C.      Entry of an ORDER directing Defendant to recall from any distributors and retailers and to deliver to Plaintiffs for destruction, or other disposition, all remaining inventory of the Counterfeit Products, in addition to any other goods that infringe upon Plaintiffs' rights to the Ray Ban Marks and Oakley Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in its possession or under its control;

D.      Entry of an ORDER directing Defendant to disclose its supplier(s) and manufacturer(s) of the Counterfeit Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Counterfeit Products;

E.      Entry of an ORDER for an accounting by Defendant of all gains, profits, and/or advantages derived from its infringing acts;

F.      Entry of an ORDER directing Defendant to file with this Court and serve on Plaintiffs within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.      For an assessment of the damages suffered by Plaintiffs, trebled, and an award of all profits that Defendant has derived from using the Ray Ban Marks and Oakley Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

H.    Awarding Plaintiffs actual and punitive damages to which it is entitled under applicable federal and state laws;

I.    Awarding Plaintiffs their costs, attorneys fees, investigatory fees, and expenses to the full extent provided by the Lanham Act and/or Tennessee state and common law;

J.    Awarding Plaintiffs pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant; and

K.    Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

Dated:        December 22, 2017        Respectfully Submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.


*/s/ Lori L. McGowan*_____
Lori L. McGowan, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
10933 Crabapple Road
Roswell, Georgia 30075
Telephone:  (770) 650-8737
***Counsel for Plaintiffs***
***Luxottica Group S.p.A. and Oakley, Inc.***

BLAKELY LAW GROUP


*/s/ Cindy Chan*_____
Brent H. Blakely
(bblakely@blakelylawgroup.com)
(*pro hac vice application pending*)
Cindy Chan (cchan@blakelylawgroup.com)
(*pro hac vice application pending*)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:  (310) 546-7400
***Counsel for Plaintiffs***
***Luxottica Group S.p.A. and Oakley, Inc.***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Luxottica Group S.p.A. and Oakley, Inc.  request a trial by jury in this matter.


Dated:          December 22, 2017          Respectfully Submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.


*/s/ Lori L. McGowan*_____
Lori L. McGowan, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
10933 Crabapple Road
Roswell, Georgia 30075
Telephone:  (770) 650-8737
**Counsel for Plaintiffs**
**Luxottica Group S.p.A. and Oakley, Inc.**

BLAKELY LAW GROUP


*/s/ Cindy Chan*_____
Brent H. Blakely
(bblakely@blakelylawgroup.com)
(*pro hac vice application pending*)
Cindy Chan (cchan@blakelylawgroup.com)
(*pro hac vice application pending*)
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone:  (310) 546-7400
**Counsel for Plaintiffs**
**Luxottica Group S.p.A. and Oakley, Inc.**

Case 3:17-cv-01693 Document 1 Filed 12/22/17 Page 19 of 19 PageID #: 19